Our first case is Shannon Holstein v. Secretary of Veterans Affairs, 2023-1451. Mr. Dorfthus. Thank you, Your Honor. May it please the Court, on behalf of Ms. Holstein, I want to thank this Court for the opportunity to present her appeal. I want to clarify just one aspect before we go into the argument that we're only challenging the fee with respect to the PTSD issue. The crux of our challenge is that the Veterans Court erroneously ignored the 2008 Notice of Disagreement because it did not apply the correct rule when it was looking at what the case was under 5904. Do you think this case determines on the meaning, depends on the meaning of case? It does, Your Honor. What the Veterans Court did, and if we start on page 6 of the appendix It doesn't case go to the NOD. It does, Your Honor. But what the Veterans Court did here is it narrowed the ruling in Jackson and subsequently in Percivali and is looking at whether going to page 6 of the appendix is the first place that we see the very last sentence before the TDIU and SMC. It says the Court held, talking about its decision in Gumpenberger, that a valid issue a claimant is appealing. And the NOD, it requires the NOD to have the same specificity before they can charge a fee. So it does sound like, counsel, you agree that we should be applying the definition of the case from Jackson as reaffirmed in Percival. Is that accurate? That is, Your Honor. Yes. And, you know, again, looking at our opening brief on page 8 at the beginning of our argument, that's really the first statement that we make is that the Court misused the definition of case from its decision in Gumpenberger as opposed to this Court's decision in Jackson and Percivali. Looking also at page 8 of the appendix, the second sentence at the beginning, instead the Court held that 5904 bars an attorney from charging fees for claims not specified in an NOD. And then there's a couple of other examples where they did that on page 9 in particular, looking at whether there was an adjudication and appeal as opposed to, as Jackson and Percivali reaffirmed, looking at a broad view of the term and that case within the meaning of 5904C encompasses all potential claims raised by the evidence applying all relevant laws and regulations, regardless of whether the claim is specifically labeled. And that's the rule that this Court set. That's not the rule that the Veterans Court used when it looked at whether the notice of disagreement triggered the fee. Counselor, to what extent does your argument tie your definition of a case to the non-disagreement, a NOD? I'm not sure I understand your question. What's the relationship between the non and your definition of a case? So, from looking at Jackson and Percivali, and then also looking at, although it's a non-precedential decision, this Court's affirmance of Gumpenberger, which is what this Court looked at. To get attorney's fees, you have to have filed an NOD, right? Correct, Your Honor. So Percivali says that any NOD counts, and it was looking at between the 2006 change in law. Here, there's only one NOD filed. Yes, Your Honor. There was a 2008 NOD. There was a later one, but we're not arguing at that one. You're looking for attorney's fees with a second NOD, or a fourth? Just the 2008 NOD. Because there's only been one NOD. There was an NOD filed. It's irrelevant, but just to be precise, there was one filed maybe a few weeks before this PTSD grant, but we're not asserting that that has anything to do with her entitlement to a fee, because there just wasn't any work performed in those weeks. The 2008 Notice of Disagreement is the operative Notice of Disagreement under Percivali, and under Jackson and reaffirmed in Percivali, the Court's supposed to... And the 2008 NOD does not mention PTSD. It does not, Your Honor, but under Jackson and Percivali, it doesn't have to. Those two rulings state the rule that the Court looks at all potential claims raised by the evidence. So if at the time of the triggering event, there was evidence raising PTSD, then it's within the case of that Notice of Disagreement under the definition that was announced in those two cases. So if we disagree with the way you are interpreting Jackson, do you agree that you would not win in terms of the argument you're making before us? I guess it would depend on the disagreement, Your Honor. I think that, again, looking at how this Court affirmed the Gumpenberger decision that this Court relied on in this case, it really talked about... And Gumpenberger was about a TBI and a separate disability, just like this... But you admit that that's a non-precedential decision of the Court. It is, Your Honor, but it did talk about Jackson, and it really said the same thing that Percivali said in that you're looking at all potential claims raised by the evidence, and you don't have to list it in the Notice of Disagreement. It doesn't have to be specifically labeled, as Jackson says, and if it's reasonably raised under this Court's precedent, then any work performed on that, including a separate matter, a separate entitlement, PTSD versus a cervical spine, falls within the scope of the case as defined in Jackson and Percivali. Do you agree that it must be raised by the evidence in the NOD? It must be raised by the evidence before the NOD or at the time of the NOD's filing. As I understand Jackson and Percivali, it's the triggering event is where we look. Anything prior to that. I think it makes sense that at the time of the triggering event as well, concurrent with, but really as long as the evidence raises it before that triggering event, Jackson was the final board decision, Percivali was the Notice of Disagreement, which is the rule that applies here, then it falls within the case under the Court's definition. The Notice of Disagreement you've been talking about is set forth in Appendix Pages 38 or is set forth in Appendix Page 38, is that accurate? Yes, Your Honor, that's the Notice of Disagreement that we're relying upon. And again, Percivali elaborates that it's any non-frivolous Notice of Disagreement. Any Notice of Disagreement filed after triggers the fee and then we look under Jackson at whether the issue was reasonably raised by the record. That analysis hasn't happened by the board or the Veterans Court. I realize that in our briefing we asserted that she should be entitled to a fee, but at least in our reply brief we clarified that none of this has been determined by the board or the Veterans Court. The board simply said this was the first decision. The court said you didn't list PTSD in your Notice of Disagreement. And so that fact-finding, that analysis under the correct rule has not been done yet. And so we do ask this court to find that they misapplied the rule from Jackson and Percivali and remand it so that the board can make a determination as to whether the record reasonably raised entitlement prior to the triggering event. Percivali talks about claims raised by the evidence. It doesn't say even if not covered by an NOD. Percivali, Your Honor, as I read Percivali and Jackson, they say that the case within the statute is all claims raised by the evidence. And that's quoting from Jackson, a case, I'm looking on page 836 of Percivali, we have taken a broad view of the term stating that a case within the meaning of 5904C encompasses all potential claims raised by the evidence applying all relevant laws and regulations regardless of whether the claim is specifically labeled. And so as I understand that statement... But the claim has to exist. It's got to exist within the evidence. It may not be labeled as such. But here, for example, there was no evidence of a PTSD claim in the cervical spine portion of the case. That was the case. The case here was cervical spine. You're trying to expand it. And I think it's a very ambitious expansion to say that any and all cases that were suggested or you can smell lurk within the other case that they're covered. They're not. That's what Jacksonville says, too. Well, I read Jackson differently, Your Honor. I think I'm reading Jackson. I don't think we're asking for any new law here. I think we're just asking to apply Jackson as it's written. Jackson was very clear that it's all claims raised by the evidence. But your reading disturbs other aspects of the law. It disturbs the purpose of the NOD. That begins to disturb notice requirements and things of that nature. I don't think this statute exists in a vacuum. It exists within the entire framework of veterans' law. And the very fundamental concept within veterans' law is the NOD. That's true, Your Honor. And you want us to change that framework. I do not, Your Honor. Again, Jackson was leaned on Roberson and Hodge, which this Court talked about claims that weren't mentioned by the veteran, reasonably raised by the record, duty to maximize. Hodge specifically cited to the Congress the congressional record in recognizing the VA's obligation to maximize benefits. Percivali actually was about... We're talking about attorney's fees here, not benefits. We are, Your Honor. Yes, absolutely. And even in Percivali, the claims at issue were PTSD, a muscle group injury, and a wrist injury. Certainly not things that were as different as a cervical spine and PTSD in this case. And even Gunkenberger, which... If you look also at Percivali on page 836, it says, in the same case in which counsel is seeking fees. So I would see that as the PTSD being a separate case. And that's the case in which the person's seeking fees. It certainly could be, Your Honor. But we don't know that under this record because no, the agency has not said that. It could very well be that it is the same case. Or it could not be. Our problem with how the Veterans Court did this decision is that it was looking at whether PTSD was listed on the Notice of Disagreement. And that's not what the law says. The law says if it's reasonably raised by the evidence, applying all regulations and laws, then it's part of the case. And whether it's tenuously part of the case or very, very close, as in Jackson, where... Actually, I mean, Jackson was... The court found it was not. But I can see how a TDIU type of issue and a rating issue are more closely linked. But the law doesn't require that kind of a connection. What relief are you seeking here? The order that... The relief that we're seeking, Your Honor, is a recognition that they misapplied Jackson as it was confirmed in Percivali. And in order for the board to reassess under the correct rule to determine whether the PTSD was reasonably raised, applying all relevant laws, et cetera, under the rule in Jackson. Today, are you asking for a vacate or a reverse? I think the... I always struggle with this remedy. I think the correct would be to vacate the decision because it misapplied the law, and then order them to correctly apply the law, recognizing their restriction on fact-finding. So it would necessarily require the board to make those initial fact-findings. You're into your rebuttal time. We can save it for you. I sure will. Thank you, Your Honor. We'll give you two minutes for rebuttal. Mr. Angulo? Thank you, Your Honor. I may please the court. This appeal presents a straightforward question of statutory interpretation. Because Ms. Holstein's interpretation runs counter to the plain text of the statute, 38 U.S.C. 5904, the history of that statute and binding precedent of this court, this court should affirm the decision of the Veterans Court below. And of course, we begin with the text of the statute, as we always do with these statutory interpretation questions. Phrasing that statute in the affirmative, fees are permitted only beginning on, quote, the date on which an NOD is filed with respect to the case. And that's the key language, isn't it? With respect to the case. Is it the same case with respect to the PTSD for which no NOD was filed? Exactly right, Your Honor. And the government's position is that these are simply separate cases that progressed on different procedural tracks, raising different claims. What is your response to opposing counsel arguing that we don't know whether or not these are separate cases? I think that the response, as we look at the record, if we go to Appendix 38, this is the notice of disagreement. To accept Ms. Holstein's position, this Court would have to accept her proposition that Appendix 38 raises the case for PTSD. But it says very plainly, the second sentence, the issues and disagreement are as follows, next paragraph, entitlement to service connection for cervical herniation, upper extremity pain, weakness and neck injury, et cetera, et cetera. But you agree that it doesn't have to specifically use the words PTSD, but you're contending that there's nothing here that even implicates PTSD. Is that right? Exactly right, Your Honor. So the parties more or less agree on the law of this case. We agree on Jackson. We agree largely on Percivale. We disagree on how that applies here. So we absolutely agree with Jackson's definition of the case, which is all potential claims raised by the evidence applying all relevant laws and regulations. So to accept, again, to accept Ms. Holstein's proposition, we would have to use that Jackson language in Reed Appendix 38 as raising a claim or, you know, referencing evidence, et cetera, et cetera, that creates a case for PTSD. And that's clearly not what this notice of disagreement is doing. At this time, this was filed in 2008, there was no PTSD claim. The PTSD claim wasn't filed until 2012. More importantly, the evidence that supported... I think your friend on the other side is arguing that there was evidence within that case of the PTSD, even though nobody had addressed it. We would respectfully disagree. If we look at the rating officer's decision at Appendix 107, they clearly point to the VA examination that was conducted in 2014 as support for an entitlement to benefits for PTSD. If you allow me one moment to get there. So Appendix 107 is the rating decision that allowed benefits for PTSD. And if we look at, actually, it's 109, Appendix 109, we see a series of bullet points which support that entitlement. The second to last bullet point is referencing the VA compensation examination dated November 12th, 2014. So the veteran was entitled to benefits for PTSD because of that examination, which occurred in 2014. So putting all these pieces together, at the time of the 2008 Notice of Disagreement, there was no evidence in the record raised by the veteran or found independently by the VA that supported an entitlement to PTSD. And so if we look at 3804, the statute, yes, the trigger point has moved from a board decision now to a Notice of Disagreement. But there has never been any intent by Congress to allow an entitlement to fees in a case that we have here today. And that's a case where the claim is adjudicated in the veteran's interest in the first instance. That's what happened here. A claim was submitted in 2012. Two years later, the veteran gets benefits. There was no appeal. There was no NOD. There was no adverse AOJ decision. In these sorts of cases, Congress has never intended for the attorney to be eligible for fees. In order to find a different conclusion, this Court would have to accept Ms. Holstein's interpretation of the case as being a veteran's attempt to maximize benefits under the law. That's the definition of case that's used in the appellant's brief. The attempt to maximize You largely agreed with the opposing counsel's interpretation of Percival. Can you tell me which part you're disagreeing with? Well, we disagree with the application in this case. I mean, Percivali was dealing with a totally different set of circumstances. Do we use the 2006 version of the statute? Or do we use the 1988 version of the statute? Which notice of disagreement triggered the various statutes? The difference in this case is that there is a claim, specifically PTSD, which has no notice of disagreement. So, yes, Ms. Holstein focuses on the aspect of Percivali that says all that's needed is a notice of disagreement. We don't look at what the operative notice of disagreement is. We just look at whether or not there is a notice of disagreement. Yes, that's correct. But it's also important to recognize a notice of disagreement that is filed with regards to the case. Those are the last five words of 5904. Ms. Holstein's position that a case is every effort of a veteran to maximize benefits simply reads those five words out of the statute. Of course, every notice of disagreement a veteran files is an attempt to maximize benefits under the law. But the statute says, or I should say, the statute doesn't say that any notice of disagreement is sufficient for benefits. Instead, the notice of disagreement has to be filed with regards to the case. And here, if we think about the PTSD case at issue, there was no notice of disagreement filed with regards to that case. And again, when we think of the word case, we're thinking of the Jackson language, which is all potential claims raised by the evidence. And here, that evidence that supports PTSD was found well after the notice of disagreement, the only notice of disagreement. The claim that asserted a right to PTSD was filed well after the notice of disagreement. Again, there's simply no congressional intent to allow for fees in a case like this, namely where benefits are adjudicated in favor of the veteran in the first instance. And because Ms. Holstein's interpretation of the word case goes against the plain language of the statute, goes against the history of the progression of this statute, and goes against precedent, namely Jackson, Percivali, Grumpenberger, although that is non-precedential, but goes against Jackson, which fines this court, we would ask that this court affirm the decision below. And if there are no further questions, Your Honors, that's the remedy that we would ask. Thank you. Thank you, counsel. Mr. Delacaze has two minutes for rebuttal. Thank you, Your Honor. So the secretary here, as he does in his briefing, says that the notice of disagreement has to raise PTSD. That is not the law. The record informs the case, not the notice of disagreement. And under Jackson and Percivali, it doesn't have to even be labeled any specific way. But what is your response to his timeline argument that I heard him just make in terms of the evidence coming out on PTSD well after the 2008 notice of disagreement? So he's pointing at one specific piece of evidence that the VA used to kind of finish off the claim, essentially. They were missing some evidence that connected his service to his PTSD. That's not the standard. We don't have to have a complete proven claim before it's raised by the evidence. It can be raised by the evidence under very sympathetic reading under Roberson, Hodges, et cetera. And that's the inquiry. Is there any place in the JA where you could point us to some form of evidence that would be timed out relative to the 2008 NOD? So closer in time than the evidence that I just heard about from opposing counsel? Unfortunately, Your Honor, the record doesn't have anything that predates that other than the cervical spine decision. I would point out, number one, that the incident that caused his PTSD, the fire on the ship, and the injury to his neck, actually, were both part of his service records. He told the VA when he filed the claim that he had been treated for PTSD. The record doesn't tell us when exactly that occurred. But I think very importantly, when Mrs. Holstein came on board, immediately she reviewed the record and saw, hey, you need to file a claim for PTSD. You need to be asking for PTSD. So her review of the record demonstrated that PTSD was raised, and that's what led to the eventual grant. But none of those findings, none of that analysis has been done yet by either the board or the Veterans Court. That's the inquiry that we're looking at. In my final seconds, we are not arguing that any notice of disagreement suffices. But the Veterans Court used the wrong definition of the case when it denied or affirmed the denial of the fee. And so, again, to reiterate, we ask that this court recognize they did so, vacate the decision, and remand it back for a determination by the board. Thank you, counsel. We'll have to decide whether we issue a notice of disagreement.